**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

JOSE AUGUSTO GRAJEDO DONIS          CIVIL ACTION NO. 26-2401

VERSUS                              JUDGE S. MAURICE HICKS, JR.

WARDEN, WINN CORRECTIONAL           MAGISTRATE JUDGE AYO
CENTER, ET AL.

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) and an Emergency Motion for Expedited Consideration (Record Document 3) filed by Petitioner Jose Augusto Grajedo Donis ("Petitioner").

Petitioner is a native of Guatemala who is currently detained at the Winn Correctional Center in Winnfield, Louisiana.  See Record Document 1-1 at 3; Record Document 1 at 1.  He entered the United States in 2008 when he was fifteen years old.  See Record Document 1-1 at 1.  He was taken into immigration custody on March 31, 2026.  See Record Document 1 at 4.  After appearing before an immigration judge, an Order of Removal was entered on May 18, 2026.  See id.  He filed an appeal with the Board of Immigration Appeals.  See id.  His appeal remains pending.  See Record Document 1-1 at 1.

On July 8, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Record Document 1) along with the instant motions.  In his Habeas Petition, Petitioner lists four grounds for his challenges:  (1) unlawful and unconstitutional continued immigration detention in violation of the Fifth Amendment Due Process Clause; (2) failure to provide adequate medical care during immigration detention; (3) violation of due process rights

during his immigration proceedings; and (4) continued detention is unnecessary because less restrictive alternatives are available.  See id. at 6-7.  He requests immediate relief from custody or, alternatively, an individualized bond hearing.  See id. at 7.  He also seeks an order to receive appropriate medical evaluation and treatment for his serious medical condition.  See id.

In his Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Petitioner seeks a temporary restraining order ("TRO") prohibiting his removal pending resolution of his Habeas Petition.  See Record Document 2 at 5.  He further seeks a prompt medical evaluation by a specialist or, alternatively, release under reasonable conditions.  See id.  Petitioner seeks expedited consideration due to his "documented cervical and lumbar spinal injuries," arguing "prompt judicial review" is needed to prevent "continued physical deterioration."  Record Document 3 at 1-2.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued.");

see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner seeks a TRO prohibiting his removal pending resolution of his Habeas Petition.  This Court lacks jurisdiction to grant such relief. Even if framed as seeking to preserve the *status quo*, a request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

While Petitioner admits he is receiving medical care, he seeks a TRO to receive prompt medical evaluation by a specialist or, alternatively, release under reasonable

3

conditions.  While the Court does not discount the seriousness of Petitioner's medical condition, the current record does not permit the Court to determine whether a medical evaluation by a specialist and/or the extraordinary remedy of immediate release is warranted.  The appropriate course is to allow briefing on the merits of the Habeas Petition and to order Respondents to file a sealed medical status report regarding Petitioner's medical treatment while in custody within 14 days.  At this stage, the Court believes no other expedited consideration is warranted.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) be and is hereby **DENIED**.

**IT IS FURTHERED ORDERED** that except as set forth above regarding the submission of a medical status report, Petitioner's Emergency Motion for Expedited Consideration (Record Document 3) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall file a sealed medical status report regarding Petitioner's medical treatment while in custody within 14 days.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of July, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT